UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SHARON JEAN CAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-CV-00005 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § | |
| | § | |
| Defendant. | § § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the April 15, 2022 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 18). In the M&R, Magistrate Judge Libby reviewed the Commissioner of Social Security's final decision, as determined by an administrative law judge ("ALJ"), that Plaintiff Sharon Jean Cain was not disabled. Because he determined that the Commissioner applied the proper legal standard and the decision was supported by substantial evidence, Magistrate Judge Libby recommends that Cain's Motion for Summary Judgment be denied, (Dkt. No. 14); (Dkt. No. 15), and that the Commissioner's Motion for Summary Judgment be granted, (Dkt. No. 16); (Dkt. No. 17).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Cain filed timely objections, (Dkt. No. 19), to which the Commissioner responded, (Dkt. No. 20). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Having conducted

this review, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order.

**I.   DISCUSSION**

In the M&R, Magistrate Judge Libby correctly reviewed the Commissioner's decision, asking whether the ALJ applied the proper legal standard and whether substantial evidence supports the ALJ's decision. (Dkt. No. 18 at 2); *see also Randall v. Astrue*, 570 F.3d 651, 655–56 (5th Cir. 2009) (per curiam). "Substantial evidence is more than a scintilla, less than a preponderance, and is such that a reasonable mind might accept it as adequate to support a conclusion." *Randall*, 570 F.3d. at 662 (citations omitted). In applying this standard, Magistrate Judge Libby scrutinized the record and determined that the Commissioner's decision was supported by substantial evidence and comported with relevant legal standards. (Dkt. No. 18 at 2, 47).

Cain essentially raises two objections to the M&R. (Dkt. No. 19). First, she asserts that the ALJ failed to properly evaluate the opinion of Dr. Corinne Alvarez-Sanders, Ph.D. (*Id.* at 1–2). Second, she claims that the ALJ improperly relied on his own lay opinion in reaching his decision. (*Id.* at 2–3). Both objections fail.

    **A.   IMPROPER EVALUATION OF DR. ALVAREZ-SANDERS'S OPINION**

Cain's first objection—that Magistrate Judge Libby did not properly evaluate Dr. Alvarez-Sanders's opinion—fails because the Court can neither make credibility determinations nor re-weigh the evidence. *See Randall*, 570 F.3d at 662. As Magistrate Judge Libby recounted, the ALJ considered Dr. Alvarez-Sanders's opinion and determined that because Dr. Alvarez-Sanders's "conclusion from [her] one-time

examination . . . lacks corroborative support from the medical record" and "was based heavily on [Cain's] subjective complaints," Dr. Alvarez-Sanders's opinion merited "little weight." (Dkt. No. 18 at 37–38); *see also* (Dkt. No. 10-3 at 22). Cain's contention that the ALJ's evaluation of Dr. Alvarez-Sanders's opinion was "misguided" and not a "good rationale for rejecting the opinion" are nothing but disagreements with the weight given to Dr. Alvarez-Sanders's opinion by the ALJ. *See* (Dkt. No. 19 at 2).

But the Court's role is not to second-guess the weight given to Dr. Alvarez-Sanders's opinion; rather, the Court's role is to determine whether the ALJ's decision is supported by substantial evidence. *Randall*, 570 F.3d at 662; *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016). And as Magistrate Judge Libby thoroughly explained, it is. (Dkt. No. 18 at 37–40). The ALJ decided that though Cain had multiple severe impairments, she had "no impairment or combination of impairments that met or medically equaled the severity of a listed impairment." (Dkt. No. 18 at 37); *see also* (Dkt. No. 10-3 at 14–15). As the M&R lays out in great detail, Cain's medical records and repeated evaluations support the ALJ's decision. (Dkt. No. 18 at 38–39) (surveying the evidence supporting the ALJ's mental "RFC" determination); (*Id.* at 41–46) (surveying the evidence supporting the ALJ's physical "RFC" determination). This constitutes substantial evidence.

Cain also appears to argue that the ALJ committed legal error by applying an improper standard in his evaluation of Dr. Alvarez-Sanders's opinion. (Dkt. No. 19 at 2). But the ALJ applied the correct standard. *See* (Dkt. No. 18 at 37–38). "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. The treating physician's opinions are not conclusive. The opinions may be assigned little

3

or no weight when good cause is shown." *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000) (cleaned up). That is exactly what the ALJ did. The ALJ found that the overall evidence in the record supported a contrary conclusion and explained that finding. *See* (Dkt. No. 18 at 37–38); (Dkt. No. 10-3 at 22). The ALJ considered the proper factors to determine how much weight to give Dr. Alvarez-Sanders's opinion. (*Id.* at 37 n.6) (citing 20 C.F.R. § 416.927); (Dkt. No. 10-3 at 22).

### B.   IMPROPER RELIANCE ON LAY OPINION

Cain's second objection is that the ALJ improperly relied on his own lay opinion in reaching his decision. (Dkt. No. 19 at 2–3). Cain faults the ALJ for giving "some weight" to the opinions of the state agency consultants after "the medical consultants at the initial level determined there was insufficient evidence to evaluate the claim." (*Id.* at 3). All of this distracts from the question before the Court: whether the ALJ applied the proper legal standard and issued a decision supported by substantial evidence. *See Randall*, 570 F.3d at 655. As already discussed, the ALJ's decision was based on substantial evidence contained in the record, not his own lay opinion. *See* (Dkt. No. 18 at 38–46).

## II.   CONCLUSION

The ALJ applied the proper legal standard and issued a decision supported by substantial evidence. *See Randall*, 570 F.3d at 655. Cain's objections do not disturb that conclusion. Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. The Court **DENIES** Sharon Jean Cain's Motion for Summary

Judgment.  (Dkt. No. 14); (Dkt. No. 15).  The Court **GRANTS** the Commissioner of Social Security's Motion for Summary Judgment.  (Dkt. No. 16); (Dkt. No. 17).

It is SO ORDERED.

Signed on July 27, 2022.

*[signature: Drew B. Tipton]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**